UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE FLOYD,

        Petitioner,         Case Number: 06-cv-10357

v.

S. L. BURT,

        Respondent.
                                       /

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Eugene Floyd, whose petition for a writ of habeas corpus is pending in this court, filed a "Motion to be Released on Personal Recognizance Bond." The court denied the motion on July 5, 2006. Petitioner filed a Notice of Appeal, appealing the court's denial of that motion.

The Sixth Circuit Court of Appeals has not yet addressed whether a certificate of appealability is required for an interlocutory appeal from the denial of release on bond. *See Lordi v. Ishee*, 22 Fed. Appx. 585, 586 (6th Cir. 2001). However, the Sixth Circuit Court of Appeals has addressed the issue in the context of a certificate of probable cause[1] and held that "a certificate of probable cause is a prerequisite to appealing the

---

[1] Prior to passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner seeking to appeal the denial of a habeas petition was required to obtain a certificate of probable cause pursuant to 28 U.S.C. § 2253. The AEDPA amended that statute to require a petitioner to obtain a certificate of appealability. The former 28 U.S.C. § 2253 provided that "[a]n appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." The AEDPA amended this portion of § 2253 to provide:

denial of a bail motion in a habeas proceeding." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). The certificate of appealability requirement is "substantively similar" to the certificate of probable cause requirement. *Thye v. United States*, 96 F.3d 635, 636 (2d 1996). The court, therefore, will assume a certificate of appealability is a necessary prerequisite to the filing of an interlocutory appeal from the denial of a motion for release on bond.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists would not find its disposition of Petitioner's Motion to be Released on Personable Recognizance Bond to be debatable or wrong.

---

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Accordingly, IT IS ORDERED that the court DECLINES to issue a certificate of appealability.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-10357.FLOYD.deny coa.wpd

3