UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE FLOYD,

        Petitioner,

v.                                  Case Number: 06-CV-10357

S.L. BURT,

        Respondent.
                                /

**ORDER DENYING PETITIONER'S "*EX PARTE* MOTION FOR APPOINTMENT OF COUNSEL," "MOTION FOR A DEFAULT JUDGMENT TO BE ENTERED AGAINST RESPONDENT," "MOTION TO STRIKE RESPONDENT'S FRIVOLOUS ANSWER, AND FOR EXPEDITED CONSIDERATION OF PETITIONER'S PETITION" AND "MOTION TO IMMEDIATELY REVIEW AND ADJUDICATE"**

Petitioner Eugene Floyd has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. The court considers here Petitioner's "Motion for Appointment of Counsel," "Motion for a Default Judgment to Be Entered Against Respondent," "Motion to Strike Respondent's Frivolous Answer, and for Expedited Consideration of Petitioner's Petition" and "Motion to Immediately Review and Consider."

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines

that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the court determines after careful consideration that the interests of justice do not require appointment of counsel at this time.

Next, Petitioner has filed a motion for default judgment because, according to Petitioner, Respondent failed to timely file a response to his petition. A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *Accord Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987).

Moreover, even if a default judgment were an appropriate remedy in a habeas case, it would not be appropriate in this case. The court issued an "Order Requiring Responsive Pleading," which directed the Respondent to file an answer to the petition by August 3, 2006. On that date, Respondent filed her response. Thus, the response was timely filed.

Finally, Petitioner has filed a "Motion to Strike Respondent's Frivolous Answer, and for Expedited Consideration of Petitioner's Petition." Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike under Rule 12(f) are viewed with disfavor and infrequently granted: "[T]he action

of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted); *Cronovich v. Dunn*, 573 F. Supp. 1330, 1338 (E.D. Mich. 1983).  The court finds that Respondent's answer does not present any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" so as to warrant striking the answer.  Petitioner also sought "expedited consideration" of the petition.  Finally, Petitioner has recently filed an additional motion seeking expedited consideration in the form of a motion asking the court to "immediately review and adjudicate" the claims (Dkt # 34).  The court endeavors to adjudicate all matters, including habeas corpus petitions, in a timely manner as justice ordinarily requires and as the pending caseload allows.  The court will deny Petitioner's motion as unnecessary surplusage.

Accordingly, IT IS ORDERED that Petitioner's "*Ex Parte* Motion for Appointment of Counsel" [Dkt. # 10], "Motion for a Default Judgment to be Entered Against Respondent" [Dkt. # 15], "Motion to Strike Respondent's Frivolous Answer, and for Expedited Consideration of Petitioner's Petition" [Dkt. # 16] and "Motion to Immediately Review and Adjudicate" the claims [Dkt # 34] are DENIED.

     S/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522