# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EUGENE FLOYD,

        Petitioner,

v.                                         Case No. 06-CV-10357

S.L. BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Eugene Floyd is a state inmate currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, pursuant to convictions for first-degree murder and felony-firearm. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. For the reasons set forth below, the court will deny the petition.

## I. BACKGROUND

Petitioner's convictions arise out of the shooting death of Tracy Griffith at a warming shelter in Detroit on January 17, 1998. At approximately 6:30 a.m. on the date in question, Petitioner, a client at the shelter, stood up and began complaining that the client seated next to him had offensive body odor. Edward Richards, an individual who worked at the shelter, was able to calm Petitioner down. However, five to ten minutes later, Petitioner again started complaining loudly. Richards tried to calm him down, but Petitioner became aggressive with him. Griffith came to Richards's defense, at one

point pushing Petitioner.  Eventually, Richards, with the help of Griffith, was able to escort Petitioner from the shelter.

Richards testified that, approximately ten to fifteen minutes after Petitioner had been escorted from the shelter, he returned.  Petitioner approached Griffith and told him he wanted to speak to him outside.  Richards informed Petitioner that Griffith would not speak to him outside and asked Petitioner to leave.  Richards kept Griffith close to him until Richards' shift ended and he left the shelter at 8:30 a.m.

Andre King testified that, on the day of the shooting, he was working at the warming shelter.  He did not witness the shooting, but heard the gunshots.  After calling 911, he went to the location of the shooting and saw Griffith lying on the ground having been shot.  Beside Griffith was a small handgun that King picked up and gave to a nurse to hold until police arrived.

James L. Ford, Jr., testified that, at the time of the shooting, he was both a client and a volunteer at the homeless shelter.  On the morning in question, he observed Petitioner get into an altercation with Richards.  The altercation was precipitated by Petitioner complaining loudly about the condition of the people seated around him.  Griffith came to Richards' defense.  Petitioner was then escorted out of the shelter.  Later, at approximately 11:30 a.m., Ford was seated a few feet from Griffith.  Petitioner walked past Ford, approached Griffith and shot him several times.  Petitioner and Griffith briefly struggled over the gun.  Both men fell to the ground, at which point Petitioner shot Griffith again.  Petitioner then got up, dropped the gun and left.

William Steiner testified that he is employed as a forensic chemist by the Detroit Police Department.  He testified that he analyzed the results of a gunshot residue test

2

performed on Petitioner's hands. Three areas of Petitioner's hands were sampled and Steiner detected gunshot residue on all three areas.

The assistant Wayne County medical examiner testified that he performed an autopsy of Griffith. Griffith suffered one gunshot to the head, three to the chest, one to the arm, and one graze wound to the left arm.

Petitioner did not testify in his own defense.

## A. Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder and felony-firearm. On July 14, 1999, he was sentenced to life imprisonment for the murder conviction and two years imprisonment for the felony-firearm conviction, to be served consecutively.

Petitioner filed an appeal of right in the Michigan Court of Appeals in October 1999. On August 17, 2000, the appeal was dismissed for want of prosecution, because Petitioner failed to timely file a brief. *People v. Floyd*, No. 222681 (Mich. Ct. App., Aug. 17, 2000). Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for failure to pursue the case in conformity with the rules. *People v. Floyd*, No. 238394 (Mich. Ct. App., Jan. 29, 2002). In April 2003, Petitioner filed another delayed application for leave to appeal in the Michigan Court of Appeals. That application was dismissed for lack of jurisdiction where the application was not filed within twelve months from the order being appealed. *People v. Floyd*, No. 248206 (Mich. Ct. App., June 2, 2003). Petitioner did not seek leave to appeal any of the Michigan Court of Appeals' orders (Case Nos. 222681, 238394, & 248206) to the Michigan Supreme Court. *(See* Aff. of Corbin R.

3

Davis, Clerk, Michigan Supreme Court, July 20, 2006.)

In October 2003, Petitioner filed a complaint for habeas corpus relief in Montcalm County Circuit Court, presenting sixty-nine claims. The assistant attorney general filed a response arguing that a state habeas action was not the proper remedy for an appeal of a criminal conviction. On November 24, 2003, the Montcalm County Circuit Court issued an order dismissing the complaint for habeas corpus relief "for the reasons stated in defendant's brief." *Floyd v. Jones,* No. 03-M-2522-AH (Montcalm County Circuit Court, Nov. 24, 2003).

In December 2004, Petitioner filed a complaint for habeas corpus relief in the Michigan Court of Appeals. That complaint was denied on March 8, 2005. *Floyd v. Dep't of Corr.*, No. 259517 (Mich. Ct. App., March 8, 2005).

Petitioner filed an application for leave to appeal the Michigan Court of Appeals' denial of habeas relief in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *Floyd v. Dep't of Corr*, No. 128300 (Mich., Oct. 31, 2005).

In October 2003, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court. On January 5, 2004, the Wayne County Circuit Court denied the motion. *People v. Floyd*, No. 98-05373 (Wayne County Circuit Court Jan. 5, 2004). Petitioner does not appear to have appealed this decision to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

    I.    Is a state prisoner allowed to seek a writ of habeas corpus if the court that convicted and sentenced the prisoner did not have (or had lost) jurisdiction over the subject matter of the prisoner's case?

II. Is the warden or Department of Corrections a proper respondent or party in a state prisoner's writ of habeas corpus?

III. Are the lack of criminal complaint being filed with the trial court, no answer to the complaint (responsive pleading) being filed with the trial court of a prisoner that had [gone] to trial over his conviction, not being arraigned, and ineffective assistance of counsel radical defects warranting a prisoner to seek a writ of habeas corpus?

IV. Is a petition for a writ of habeas corpus an original pleading (complaint) that cannot be appealed?

V. Is a petition for a writ of habeas corpus a civil complaint that a state prisoner can bring regarding his conviction being void?

VI. Can a writ of habeas corpus be based on the merits of a Petitioner's conviction?

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1);[1] *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

6

unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law . . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

When "no state court addresses a properly raised federal claim," a federal court is "no longer bound by AEDPA's deferential standard of review and instead review[s] the claim de novo." *Williams v. Haviland*, 467 F.3d 527, 530 (6th Cir. 2006).

Where a state court, although deciding a claim, does not offer some explanation of its decision, a federal court must conduct an independent review of the state court's decision. This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).

### III. DISCUSSION

### A. Procedural Default

Respondent argues that all of Petitioner's claims are unexhausted and, because no avenue remains for Petitioner to exhaust these claims, procedurally defaulted.

7

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust her state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals *and* in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Petitioner presented all of the claims presented in his habeas petition in his complaint for habeas corpus filed in the Michigan Court of Appeals. He filed an application for leave to appeal the Michigan Court of Appeals' decision denying habeas relief in the Michigan Supreme Court. That application for leave to appeal raised all of the claims presented in Petitioner's pending federal habeas petition (among other claims). Although Petitioner exhausted his state court remedies by filing a complaint for habeas corpus in state court, rather than by direct appeal of his conviction, he nevertheless presented his claims to both Michigan appellate courts, as is required by the exhaustion rule. Therefore, the court finds that Petitioner has properly exhausted his state court remedies.

### B. Claims Challenging State Habeas Proceedings

8

With the exception of Petitioner's third claim for habeas relief, all of Petitioner's claims challenge the procedures governing state court habeas corpus proceedings.

"The Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, the Sixth Circuit has held that the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F.3d at 853 (quoting *Kirby v. Dutton*, 794 F.2d 245, 248 (6th Cir.1986)). "'[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

Accordingly, Petitioner's claims challenging the state's habeas proceedings are not cognizable on federal habeas review.

### C. Defects in Criminal Complaint and Arraignment

In his third claim for habeas corpus relief, Petitioner argues that defects in the criminal complaint and arraignment render his conviction unconstitutional.[2] First, Petitioner claims that the complaint failed to adequately inform him of the charges against him. Second, Petitioner claims that he was not arraigned nor did he waive his right to be arraigned.

---

[2]Petitioner also presents an ineffective assistance of counsel claim within his third claim. That claim is addressed below.

9

The Michigan Court of Appeals and Michigan Supreme Court, in denying these claims, issued only summary denials. Therefore, the court will conduct an independent review of these claims, while still affording deference to the state courts' decisions as required by the AEDPA. See *Harris*, 212 F.3d at 943.

"An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986). Petitioner admits that the information advised him of the crimes with which he was charged. He claims, however, that the "substance" of the charge was not indicated. The arrest warrant in this case indicated that Petitioner was charged with first-degree felony murder and felony-firearm in connection with the death of Tracy Griffith. It also provided the date and place of the offense. Consequently, the court finds that Petitioner has failed to show that he was not adequately informed of the charges against him.

In addition, the trial court docket sheet, submitted as part of the Rule 5 Materials, Rules Governing Section 2254 Cases, shows that Petitioner was arraigned on January 21, 1998. Petitioner has presented no evidence which would call into doubt the accuracy of that docket entry. Therefore, the court shall deny these claims.

### D. Ineffective Assistance of Counsel

Finally, Petitioner claims that he was denied the effective assistance of counsel. This claim is stated in conclusory fashion and the substance of the claim is difficult to discern. After carefully reviewing the petition, the court concludes that Petitioner's ineffective assistance of counsel claim is based upon the alleged defects in the criminal complaint and arraignment process.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Because Petitioner has failed to establish that there were any defects in the criminal complaint or arraignment process that deprived him of proper notice of the charges against him, he fails to show that his attorney acted outside the wide range of professionally competent assistance. Therefore, the court denies relief on this claim.

### IV. CONCLUSION

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #1] is DENIED.

                                        s/Robert H. Cleland  
                                        ROBERT H. CLELAND  
                                        UNITED STATES DISTRICT JUDGE

Dated: July 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2007, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-10357.FLOYD.deny habeas.wpd

12