**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EUGENE FLOYD,

        Petitioner,

v.                                                       Case No. 06-CV-10357

S.L. BURT,

        Respondent.

                                /

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Eugene Floyd is a state inmate currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, pursuant to convictions for first-degree murder and felony-firearm. He filed a petition for a writ of habeas corpus, which the court denied on July 31, 2007. Thereafter, Petitioner filed a Notice of Appeal. Thus, the court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. *Id.* A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner presented six claims for habeas corpus relief. With the exception of one of these claims, all of Petitioner's claims challenged the procedures governing state court habeas corpus proceedings. "The Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). Because the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings,'" *Cress*, 484 F.3d at 853, *quoting Kirby v. Dutton*, 794 F.2d 245, 248 (6th Cir.1986), the court held that Petitioner's claims challenging the state's habeas proceedings were not cognizable on federal habeas review.

In his remaining claim for habeas corpus relief, Petitioner asserted two related claims. First, he argued that defects in the criminal complaint and arraignment rendered his conviction unconstitutional. Second, Petitioner claimed that he was denied the ineffective assistance of counsel when counsel failed to object to the defects in the complaint and arraignment. The court held that Petitioner failed to show that he was not adequately informed of the charges against him or that he was not properly arraigned.

2

Therefore, the court denied these claims. In addition, because the court concluded that Petitioner failed to show any defects in the criminal complaint or arraignment, his attorney was not ineffective in failing to object or move to dismiss on these grounds.

The court finds that jurists of reason would not find the court's assessment of the foregoing claims to be debatable or wrong. *See Slack*, 120 S. Ct. at 1604. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, IT IS ORDERED that a certificate of appealability is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 6, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522